

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## NUMBER 13-09-00556-CR

THE STATE OF TEXAS,                                    Appellant,

v.

JOSHUA HILD,                                            Appellee.

### On appeal from the 347th District Court
### of Nueces County, Texas.

## NUMBER 13-09-00557-CR

THE STATE OF TEXAS,                                    Appellant,

v.

CALEB HILD,                                             Appellee.

### On appeal from the 347th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

## Before Justices Yañez, Garza, and Benavides
## Memorandum Opinion by Justice Garza

The State of Texas challenges the trial court's orders granting pre-trial motions to suppress evidence and to strike a witness filed by appellees, Joshua Hild and Caleb Hild. We affirm.

## I. BACKGROUND

On November 14, 2008, brothers Joshua and Caleb were jointly indicted on one count of murder. *See* TEX. PENAL CODE ANN. § 19.02 (Vernon 2003). On January 9, 2009, Joshua's attorney filed a "Motion for Discovery and Inspection" as well as a "Motion to Produce Exculpatory and Mitigating Evidence" with the trial court. On March 26, 2009, Caleb's attorney filed a similar "Motion for Discovery and Inspection" as well as a "Request for 404(b) Evidence and Punishment Phase Evidence Pursuant to Article 37.07 C.C.P. and Impeachment Evidence Under 609(f)." None of these motions were heard or ruled upon by the trial court.

On October 2, 2009, three days before appellees' trial was scheduled, assistant district attorney Frank Errico informed both defense attorneys of a DVD recording he had found in the State's case file. The recording featured a September 2008 statement by a "jail house snitch" named Frank Garcia, in which Garcia stated what Caleb had told him "out in the exercise yard."[1] Neither defense attorney was aware of the status of Garcia as a potential witness, or of the existence of the DVD recording,

---

[1] The record contains no indication as to the content of Caleb's alleged statement to Garcia.

2

until they were informed by Errico three days before trial.[2]

Trial was set for October 5, 2009.[3] On that day, appellees moved for a continuance, noting that the State had just recently notified the defense of Garcia's recording and his status as a potential witness. Joshua's attorney explained to the trial court that he had just learned of Garcia's statement on October 2, 2009, despite receiving other discovery material from the State as recently as December of 2008. Caleb's attorney explained to the trial court:

> What was happening is, we had continuing discovery. [Doug Mann, the prosecutor who had previously worked on the case,] handed us an [sic] initial discovery packets. We had an agreement if anything else came in, it was going to be delivered to us. He did deliver the [other] video, DVDs, sometime after the initial discovery of the statements of all the parties. Then he delivered photographs to us on one occasion, then he delivered the 911 tape. So he was continually delivering things. He just did not deliver the snitch from September . . . .

Errico represented to the trial court that the State had possession of the Garcia video since September of 2008. He further stated that he did not know what was previously given to defense counsel by Mann, but that "I told these guys [defense counsel] about [the video] as soon as I found it." Errico then noted that, although the State has an "open file policy," it is nevertheless "incumbent upon [defense counsel] to come look at our file." The trial court asked Errico whether the DVD recording of

---

[2] Additionally, on October 1, 2009, Errico informed the defense attorneys of a witness named Rene Piper, whose testimony was purportedly exculpatory as to Joshua. According to Joshua's attorney, Piper's name was not listed in any of the discovery materials that were provided to appellees before that time. Appellees moved for a continuance and then moved to strike Piper as a witness; the trial court denied the motion for continuance but did not rule on the motion to strike.

[3] The case was originally set for trial on January 20, 2009. On that date, the State and appellees agreed to a continuance until May 11, 2009. On May 11, the parties again agreed to a continuance, this time until August 17, 2009. On August 17, the parties agreed to a third continuance. The trial court, after consulting with the parties, then set a firm trial date for October 5, 2009.

Garcia's statement was actually contained in the State's open file; Errico stated that he did not know.

The trial court then denied appellees' joint motion for continuance. Both defense attorneys then asked the trial court to suppress Garcia's statement and to strike him as a potential witness. The trial court granted the request, and the State appealed. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon Supp. 2009) (permitting the State to appeal an order granting a defendant's motion to suppress evidence).[4]

## II. DISCUSSION

By its sole issue, the State contends that the trial court erred by granting appellees' motion to suppress Garcia's statement and to strike Garcia as a witness. Assuming, without deciding, that the trial court's rulings were erroneous, we

---

[4] On July 28, 2010, we abated the appeals and instructed the trial court to enter findings of fact and conclusions of law with respect to its ruling. *See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) ("[U]pon the request of the losing party on a motion to suppress evidence, the trial court shall . . . make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts."). Such findings and conclusions were filed with this Court on September 21, 2010. The findings of fact included the following:

11. The State and Defendants had an agreement regarding discovery. The State gave Defendants initial discovery packets and agreed to deliver further discovery to Defendants as it came in. Further discovery was in fact delivered to Defendants from time to time. However, the statement of Frank Garcia was not in the initial discovery packet and it was not later produced to Defendants. . . .

12. Defendants reasonably relied on the agreement with the State which provided that the State would produce all discovery as it was received by the State.

13. The trial court was not unreasonable in expecting the State and Defendants to proceed to trial on October 5, 2009 which was 13 months after the incident in question and almost 11 months after the indictment was filed.

The trial court thus concluded that "[i]t was within [its] discretion . . . to sanction the State for its failure to disclose the video statement of Frank Garcia by striking, and ruling inadmissible, the testimony of Frank Garcia as a witness for the State."

4

nevertheless find no reversible error because the State does not contend, and the record does not establish, that the State's "substantial rights" have been affected by the rulings. *See* TEX. R. APP. P. 44.2(b). The State does not, in its appellant's brief, argue that the prosecution's case against the Hilds would be detrimentally affected by the exclusion of Garcia's statement or his trial testimony. Moreover, neither the content of Garcia's recorded statement nor the content of his potential trial testimony is apparent from the record before this Court. Accordingly, we cannot say that the State's "substantial rights" were affected by the trial court's rulings. Under such circumstances, we must disregard any alleged error. *See id.*

The State's issue is overruled.

### III. CONCLUSION

We affirm the trial court's judgments.

_____
DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
18th day of November, 2010.

5